**GREENSTONE ROBERTS ADVERTISING/FLORIDA, INC., Plaintiff,**

v.

**GOLD STAR CRUISES OF GALVESTON, L.C., et al., Defendants.**

No. CV 95–0098.

United States District Court, E.D. New York.

Feb. 7, 1997.

Gerald V. Dandeneau, Melville, NY, for Plaintiff.

Gilbert, Segall & Young by Jeffrey E. Livingston, New York City, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The plaintiff in the above titled case brought this action against the named defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act, ("RICO") on the grounds that a conspiracy to defraud the plaintiff occurred during the year of 1994. Defendants now move this court to dismiss this case pursuant to rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff's claim essentially asserts that (i) the defendants retained plaintiff to perform advertising and media placement services, (ii) the defendants knew that they could not pay for these services, and that they represented to the plaintiff on different occasions that the various defendants were profitable, and were capable of paying for the services. In addition, plaintiff asserts that after failing to pay for its services, they were fraudulently induced to accept a worthless promissory note and guarantee in satisfaction of the debts.

To state a RICO claim,

a complaint must allege (1) that the defendant[s] (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.... [P]laintiff must [also] allege [ (8) ] that he was 'injured in his business or property by reason of a violation of § 1962.'

*Update Traffic Systems, Inc. v. Gould,* 857 F.Supp. 274, 280 (E.D.N.Y.1994) (emphasis and citations omitted). Plaintiff must plead that at least two or more predicate acts are related and that they amount to, or pose a threat of continuing criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). To satisfy the requirement of continuity, a plaintiff in a RICO action must allege "either an 'open-ended' pattern of racketeering activity (i.e., past criminal conduct coupled with a threat of future criminal conduct) or a 'closed-ended' pattern of racketeering activity (i.e., past criminal conduct

'extending over a substantial period of time')." *GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 466 (2d Cir.1995) (citing *H.J. Inc.*, 492 U.S. at 241–42, 109 S.Ct. at 2901–02).

The amended complaint read liberally alleges that the predicate acts began in May 1994 and continued through January 1995. Amended Complaint ¶¶ 24, 59 ("Compl."). Defendant argues that the relevant period for alleged predicate acts is less than two months, the time period when plaintiff was induced to perform its services until plaintiff no longer performed its services. The fraudulent scheme alleged in the Amended Complaint amounts to a single commercial transaction whereby plaintiff was induced to enter into and perform advertising services worth $247,485 for which it was partially paid and was then provided with a promissory note and guarantee for the balance.

The Court notes that aside from alleging what is essentially one breached business transaction, plaintiff's allegations amount to a single scheme with a single victim involving predicate acts that spanned at most eight months. While this Court is mindful of the Supreme Court's admonition to take a flexible approach in examining continuity, *see H.J., Inc.*, 492 U.S. at 241, 109 S.Ct. at 2901–02, this Court is also aware of its responsibility not to apply this requirement so leniently that it is rendered meaningless. Taking such a balanced approach, and considering the Amended Complaint in light of the variety of factors that courts have looked to in determining continuity, the Court finds that the allegations contained therein are insufficient to establish a pattern of racketeering activity.

### Conclusion

The defendants' motion to dismiss is granted. The Court declines to exercise supplemental jurisdiction over the state claims. The Clerk of the Court is directed to close the case.

SO ORDERED.